# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANGELO GRIFFIN,

 *Petitioner*,

vs.

STATE OF NEVADA, et al.,

 *Respondents*.

2:14-cv-02101-JAD-CWH

**ORDER**

  This action is a *pro se* petition for a writ of habeas corpus submitted while petitioner was being held in the Clark County Detention Center. The court has reviewed the petition and concludes that, under Rule 4 of the Rules Governing § 2254 Cases, the petition must be dismissed.

  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

  Having reviewed the petition in this case, the court concludes that petitioner's claims are unexhausted. Petitioner states that, beginning in August 2014, he was held illegally in Clark County Detention Center awaiting extradition to Virginia (Doc. 3-1). Petitioner used the form for a state

postconviction petition and repeatedly states in his petition that this is his "first court action" on this matter. Because petitioner has not exhausted his grounds for relief in state court, this action shall be dismissed.

Moreover, the online state court docket indicates that the extradition order was signed at a hearing on December 17, 2014, at which petitioner was represented by counsel, and the Eighth Judicial District Court case regarding the extradition has been closed. Presumably, petitioner has been extradited to Virginia.

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly filed new action. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

The court finally notes that allegations of violations of extradition rights may implicate 42 U.S.C. § 1983, rather than habeas corpus. *See*, *e.g*., *Weilburg v. Shapiro*, 488 F.3d 1202, 1206-1207 (9th Cir. 2007).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because jurists of reason would not find the court's dismissal of this action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the following motions filed by petitioner: application to proceed *in forma pauperis* (Doc. 1); motion for emergency hearing (Doc. 2); application to proceed *in forma pauperis* (Doc. 3); motion for appointment of counsel (Doc. 4); and motion for evidentiary hearing (Doc. 5) are all **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

Dated: February 5, 2015.

_____
UNITED STATES DISTRICT JUDGE